```
                    UNITED STATES DISTRICT COURT
                 SOUTHERN DISTRICT OF WEST VIRGINIA
                             AT BECKLEY
```

**JERRY D. CALLOWAY,**

    **Plaintiff,**

**v.**                                           **Civil Action No: 5:03-2349**

**WAL-MART STORES, INC.,**

    **Defendant.**

## MEMORANDUM OPINION

Pursuant to the court's order of October 20, 2005, in which the court granted summary judgment for the defendant and indicated that an explanatory memorandum opinion would follow forthwith, the court now issues its memorandum opinion.

On November 12, 2003, defendant removed this action from the Circuit Court of Raleigh County.  By Standing Order entered on May 20, 2002, this case was referred to United States Magistrate Judge R. Clarke VanDervort for proposed findings and recommendation as to disposition.

On September 29, 2005, the magistrate judge entered his Proposed Findings and Recommendations [hereinafter "Findings and Recommendation" or "F & R"] as to defendant's motion for summary judgment.  In the F & R, the magistrate judge proposed that the district court (1) grant the defendant's motion for summary judgment, (2) dismiss the case with prejudice, and (3) order the clerk to remove this matter from the court's docket.

In accordance with the provisions of 28 U.S.C. § 636(b), the parties were allotted ten days, plus three mailing days, in which to file any objections to Magistrate Judge VanDervort's Findings and Recommendation. The failure of any party to file such objections constitutes a waiver of such party's right to a *de novo* review by this court.  Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140 (1985). Moreover, this court need not conduct a *de novo* review when a petitioner "makes general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982).

Petitioner filed objections to the Proposed Findings and Recommendation on October 17, 2005.  Because petitioner filed his objections a timely manner, this court has conducted a *de novo* review of the record as to those objections. See 28 U.S.C. § 636(b)(1) ("A judge of the court shall make a *de novo* determination of those portions of the report or specified proposed findings and recommendations to which objection is made.").

## I.  Factual Background

Plaintiff worked as a stocker for Wal-Mart Stores, Inc. ("Wal-Mart") in Beckley, West Virginia.  On October 13, 2001, plaintiff injured his back while lifting a Christmas tree weighing approximately 95 pounds onto a scissor lift platform.  (Doc. No. 55, Ex. 1 at 70-72, 77.)  Plaintiff's deposition testimony indicates that the injury was caused by the manner in which he lifted the box and the position he was in when lifting the box.  (Id. at 86.)

On October 13, 2001, plaintiff was diagnosed with low back strain at the Raleigh General Hospital emergency room.  (Id., Ex. 7.)  Plaintiff was treated for back pain by a number of physicians.  On November 29, 2001, Dr. Zahir, an orthopedic surgeon, released plaintiff to light duty work after determining that plaintiff had reached maximum medical improvement.  (Id., Ex. 6, at WM000273; Id., Ex. 7 WM005187.)  On December 10, 2001, plaintiff provided Wal-Mart with an additional work excuse covering the period between December 7, 2001 and December 10, 2001.  (Id., Ex. 10.)  As a result, plaintiff was never terminated from his employment with Wal-Mart and remains on the payroll as an inactive employee.  (Id., Ex. 11.)

Plaintiff remains disabled.  (Doc. No. 57, Ex. J.)  In February 2005, Dr. Morgan, plaintiff's primary care physician, advised that plaintiff continues to suffer from failed back syndrome and is temporarily and totally disabled.  (Id., Ex. L.)  As a result, plaintiff became entitled to Social Security Disability Benefits as of April 2002.  (Id., Ex. M.)

Plaintiff previously injured his back on January 10, 1991 while working for Gilbert and Bennett Wire Company. (Doc. No. 55, Ex. 7, at WM001221, WM004358.) Plaintiff's injury occurred while working as a stocker and lifting approximately 120 pounds of merchandise. (Id. at WM004358.) As a result of his January 1991 injury, plaintiff applied for and received Social Security Disability Benefits from July 1991 to May 1996. (Id., Ex. 15 at WM0005053, 5037-5039, 5135-5139.)

In his findings and recommendation, the magistrate judge found that plaintiff did not meet his burden to establish any of his claims. The magistrate found that plaintiff failed to establish Wal-Mart's deliberate intention to injure him, failed to establish that Wal-Mart discriminated against him by terminating his employment, and failed to establish outrageous conduct by defendant sufficient to support a claim of infliction of emotional distress. Accordingly, the magistrate judge recommended that the court grant Wal-Mart's motion for summary judgment and dismiss the case with prejudice.

In his October 17, 2005 response, plaintiff made a number of objections to the magistrate judge's F & R. The court will analyze each in turn.

## II. Standard for Summary Judgment

Turning to the issue of summary judgment, Rule 56 of the Federal Rules of Civil Procedure provides that:

> [t]he judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,

4

> show that there is no genuine issue as to any
> material fact and that the moving party is
> entitled to a judgment as a matter of law.

Fed. R. Civ. P. 56 (2003). The moving party has the burden of establishing that there is no genuine issue as to any material fact. See Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).

Once the moving party has met this burden, the burden then shifts to the nonmoving party to produce sufficient evidence for a jury to return a verdict for that party.

> The mere existence of a scintilla of evidence
> in support of the plaintiff's position will be
> insufficient; there must be evidence on which
> the jury could reasonably find for the
> plaintiff. The judge's inquiry, therefore,
> unavoidably asks whether reasonable jurors
> could find, by a preponderance of the
> evidence, that the plaintiff is entitled to a
> verdict . . . .

Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 252 (1986). "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." Id. at 250-251. Finally, "[o]n summary judgment the inferences to be drawn from the underlying facts . . . must be viewed in the light most favorable to the party opposing the motion." United States v. Diebold, Inc., 369 U.S. 654, 655 (1962).

### III. Analysis

#### A. Discrimination

Plaintiff makes a number of assertions supporting his discrimination claim and his deliberate intention claim. First, plaintiff argues that Wal-Mart discriminated against him by firing him. (Doc. No. 73 at 2.) To support this contention, plaintiff

states that his wife noticed that plaintiff's name was temporarily missing from the Wal-Mart employee log book and that plaintiff was unable to use his discount card for a short time.  (Id.)  This evidence is insufficient to show that Wal-Mart terminated plaintiff's employment, especially given that plaintiff currently appears an inactive employee on Wal-Mart's payroll.  (Doc. No. 54 at 8, 55; Doc. No 55, Ex. 11, ¶¶ 3-4.)  Accordingly, plaintiff's objection is overruled.

    Next, plaintiff argues that Wal-Mart discriminated against him through attempts to prod him into resigning (Doc. No. 73 at 2).  Plaintiff points to no specific evidence of an attempt by any Wal-Mart employee to harass plaintiff into resigning, and the record does not support such a contention.  Hence, plaintiff's objection is overruled.

    Third, plaintiff argues that his workers' compensation benefits were suspended for three months, causing delay in his treatment.  The record shows that Dr. Zahir's release of plaintiff to light duty work on November 29, 2001 led to plaintiff's temporary loss of workers' compensation benefits.  (Doc. No. 55, Ex. 7 at WM005187.)  The fact that plaintiff's workers' compensation benefits were discontinued and later reinstated does not show any discrimination against plaintiff.  It shows merely that the status of plaintiff's benefits changed in accordance with updated medical opinions about plaintiff's condition.  Regardless, any flaw in the workers' compensation process must be corrected via a challenge to the West Virginia Workers' Compensation Commission's

decision under West Virginia law and not through an action against Wal-Mart.[1]  Therefore, plaintiff's objection is overruled.

### B.  Deliberate Intent

Plaintiff makes several objections to the magistrate judge's finding that plaintiff failed to meet his burden to show Wal-Mart deliberately intended to harm plaintiff.  First, plaintiff argues that Wal-Mart should have provided him with an assistant.  (Doc. No. 73 at 1.)  Plaintiff fails to show that Wal-Mart's failure to provide him with an assistant constituted an "unsafe working condition" under the deliberate intention exception to employer immunity under the West Virginia Workers' Compensation Act.

Under the West Virginia Workers' Compensation Act, W. Va. Code §§ 23-1-1, et seq., employers are immune from common law tort actions by employees for work-related injuries.  See W. Va. Code § 23-2-6; Arthur v. E.I. DuPont de Nemours & Co., 58 F.3d 121, 125 (4th Cir. 1995).  However, when an employee's injury results from the employer's "deliberate intention" to cause injury, the statute provides an exception to immunity.  W. Va. Code § 23-4-2(d).  The first of five factors requires that plaintiff show the existence of a specific unsafe working condition posing a high risk and strong probability of serious injury or death.  W. Va. Code § 23-4-2(d)(2)(ii).  As the magistrate judge found, plaintiff failed to satisfy this requirement by showing either an external legal requirement or industry standard requiring Wal-Mart to provide a stocker with an assistant.

---

[1]  West Virginia statute governs challenges to the Workers' Compensation Commission's decisions.  See W. Va. Code § 23-5-9.

Wal-Mart policy requires the presence of a "spotter" when a scissor lift is in operation, but the record shows that the scissor lift was not in operation at the time of plaintiff's injury. Rather, plaintiff was standing on the floor lifting an item onto the scissor lift platform when he hurt his back. (Doc. No. 55, Ex. 1 at 77-78.) The Wal-Mart policy states that a spotter's duties consist of watching for customers and diverting them away from the scissor lift operation site. (Id., Ex. 4 at WM002768-2770.) Plaintiff does not meet his burden to show how the presence of a spotter to watch for and redirect customers would have prevented plaintiff from injuring his back. Thus, as the magistrate judge found, plaintiff has produced no evidence that a spotter would have prevented plaintiff's injury, that other employees have been injured by working without an assistant, or that Wal-Mart received any violation citations stemming from plaintiff's working conditions. Because plaintiff fails to show that Wal-Mart's failure to provide an assistant constituted an unsafe working condition within the meaning of the deliberate intention exception, plaintiff's objection is overruled.

Second, plaintiff objects that improper lifting technique did not cause the accident and that plaintiff did not lift the merchandise over his head. (Doc. No. 73 at 1.) This objection is contrary to the record. In plaintiff's deposition, he stated that he knew that the cause of the injury was "how I lifted it and the position I lifted it in." (Doc. No. 55, Ex. 1 at 86.) The magistrate judge's finding that plaintiff used an improper overhead lifting technique is supported by the plaintiff's deposition testimony, in which he stated that the platform onto which he

placed the merchandise was over his head.  (Doc. No. 55, Ex. 1 at 77.)  Accordingly, plaintiff's objection is overruled.

Third, plaintiff argues that his 1991 back injury did not or likely did not contribute to his 2001 injury because he was able to work between 1996 and 2001.  (Doc. No. 73 at 1.)  Further, the court understands plaintiff to assert either that he never had back surgery or that any back surgery he had was not the result of his 1991 injury.  (<u>Id.</u> at 2.)  These contentions are irrelevant because the magistrate judge did not rely on the existence of a preexisting injury to support his recommended disposition, and the existence of a previously existing injury is not necessary to the magistrate judge's analysis.  Hence, plaintiff's objection is overruled.

Finally, and somewhat inconsistently, plaintiff objects that following his 1991 injury, Dr. Majestro did not release plaintiff to light duty but instead suggested that plaintiff go on social security.  (Doc. No. 73 at 2.)  This objection is irrelevant because, as stated, the existence of a previously existing injury is not relevant or necessary to the analysis.  Therefore, plaintiff's objection is overruled.

### III.  Conclusion

For the reasons discussed above, the magistrate judge's decision was well-reasoned and supported by case law. Petitioner's objections are accordingly OVERRULED.  As such, the court (1) CONFIRMS and ACCEPTS the magistrate judge's findings, (2) GRANTS defendant's motion for summary judgment (Doc. No. 54), (3) DISMISSES plaintiff's claim with prejudice (Doc. No. 1), and

(4) DIRECTS the Clerk to remove this matter from the court's active docket.

To appeal the decision of the court, a notice of appeal must be filed with the clerk of this court in accordance with Rules 3 and 4 of the Federal Rules of Appellate Procedure.

The Clerk is directed to forward a copy of this Memorandum Opinion to the plaintiff, *pro se*, and to all counsel of record.

It is SO ORDERED this 26th day of October, 2005.

ENTER:

_David A. Faber_
David A. Faber
Chief Judge